OPINION
Appellant Kathy Lewis is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of her five minor children to Appellee Department of Human Services. The facts giving rise to this appeal are as follows.
The Agency first became involved with appellant and her children in January of 1994. Appellant's one daughter, Angel, disclosed that Ray Peterson, the father of one of appellant's other children, William, had touched her vaginal area with his hands and feet over her clothes. At that time, appellant agreed to prevent any further contact between Ray Peterson and her children and the Agency agreed not to file a complaint.
However, in April of 1994, appellant permitted Ray Peterson to return to her home. Due to appellant's failure to protect her children, the Agency filed a complaint for temporary custody of the five minor children. Appellant requested that the children be returned to her custody on June 16, 1994. However, due to the fact that appellant had been seen in the company of Ray Peterson numerous times since the emergency shelter care hearing, the trial court denied appellant's request.
The trial court conducted an adjudicatory hearing in this matter on June 30, 1994. At this hearing, appellant admitted that she still associated with Ray Peterson. On July 6, 1994, three of the minor children were returned to appellant's custody subject to protective supervision. Despite a no contact order between Ray Peterson, appellant and her minor children, Ray Peterson continued to harass appellant at her residence. In September of 1994, the Agency filed for temporary custody of the three minor children due to appellant's violation of the no contact order. At that time, the trial court placed temporary custody of the three minor children with the Agency.
In January of 1995, appellant's visitation with her one minor daughter, Cherish, was suspended based upon the recommendation of the child's counselor. The child's behavior improved after the trial court suspended visitation. The Agency received an extension of temporary custody in March of 1995. In May of 1995, the Agency filed a motion to terminate appellant's visitation with her minor son Joshua.
On August 28, 1995, the Agency filed a motion for permanent custody of the children. The trial court conducted hearings on this motion on November 26, 1996; March 19, 1997; and April 15, 1997. Due to the fact that appellant did not complete the case plan and continued to have problems with housing, the trial court granted the Agency's motion for permanent custody on July 1, 1997. The trial court determined that the children could not or should not be returned to appellant within a reasonable time. The trial court did not conduct the best interest hearing prior to the grant of permanent custody to the Agency. The trial court never did conduct the best interest hearing as appellant filed a notice of appeal prior to the date set for the hearing. In her notice of appeal, appellant sets forth the following assignments of error:
 I. THE TRIAL COURT ERRED IN RELYING ON THE TESTIMONY OF CERTAIN WITNESSES TO GRANT PERMANENT CUSTODY TO STARK COUNTY DEPARTMENT OF HUMAN SERVICES BECAUSE SUCH A FINDING IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE BASED UPON THE WITNESSES TESTIMONY.
 II. THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT'S CHILDREN COULD NOT BE PLACED WITH PARENTS WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH THEIR PARENTS BECAUSE SUCH A FINDING IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 III. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO STARK COUNTY DEPARTMENT OF HUMAN SERVICES WITHOUT FIRST DETERMINING THE BEST INTERESTS OF THE CHILDREN PURSUANT TO R.C. 2151.414(B)(1) AND R.C. 2141.414(D).
 III
Appellant argues, in her third assignment of error, that the trial court erred when it granted permanent custody to the Agency without first determining the best interests of the children. We agree.
We recently ruled upon this issue in the case of In ReWallace Children (Dec. 30, 1997), Stark App. No. 1997CA00033, unreported. In Wallace, we held based upon a reading of R.C.2151.414, a trial court must conduct the hearing provided for in section (A) of the statute before it can terminate parental rights and grant permanent custody to the Agency. Id. at 5. Therefore, a grant of permanent custody should not be made, by the trial court, until it determines the best interests of the children pursuant to R.C. 2151.414(A). Id.
For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion. Upon remand, the trial court shall conduct the best interests hearing, issue a judgment entry and make its determination regarding the termination of parental rights and grant of permanent custody based upon the status of the evidence presented at the permanent custody hearing and best interests hearing. If the trial court has conducted the best interests hearing since the filing of this appeal, the trial court may render its decision based on the evidence presented at the hearing. The trial court does not have to conduct another best interests hearing.
By: Wise, J., Reader, concurs.
Hoffman, P. J., dissents.